UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:11-cv-00429-JDW-AEP

KENDRICK E. DULDULAO,

      Plaintiff,

vs.

MCDONOUGH RESTAURANTS INC.,
a Florida corporation, d/b/a MONSTAH
LOBSTAH, and MABELLE B. NESTOR,
TRUSTEE,

      Defendants.

_____/

## FINAL JUDGMENT

THIS CAUSE HAVING come to be heard before this Honorable Court on Plaintiff, KENDRICK E. DULDULAO'S, Motion for Final Default Judgment, for the entry of an Order for Injunctive Relief, attorney fees, and costs, and the Court being duly advised in the premises herein, it is hereby:

Ordered and Adjudged that the Final Judgment is hereby entered in favor of Plaintiff, KENDRICK E. DULDULAO, and against Defendant, MCDONOUGH RESTAURANTS, INC., d/b/a MONSTAH LOBSTAH. Defendant has violated the ADA and this Honorable Court hereby orders the Defendant MCDONOUGH RESTAURANTS, INC., d/b/a MONSTAH LOBSTAH correct the following architectural barriers/violations of the Americans Disability's Act, as follows:

(i)    Failure to provide safe, ADA compliant access to the front of the shopping center, due to a step up to sidewalk, in violation of 28 C.F.R. Part 36. This step up to sidewalk represents an insurmountable barrier to independent entry by the Plaintiff and other individuals who use wheelchairs.

1

(ii)    Failure to provide proper adequate ADA compliant striping on designated ramp up to sidewalk at the front of shopping center, in violation of 28 C.F.R. Part 36.

(iii)   Failure to provide securely attached carpet/mat, at the entrance of the Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.5.3.

(iv)    The eating bar, at window, with high stools, is higher than 34 inches above the finish floor in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the bar, or a 60 inch wide section of it, to be 34 inches maximum height.

(v)     The counter, with menus, is inaccessible, in violation of 28 C.F.R. Part 36, Section 7.2(2), which requires that a portion of the said counter which is a minimum of 36 inches (915 mm) in length shall be provided with a maximum height of 36 inches (915 mm); or an auxillary counter with a maximum height of 36 inches (915 mm) in close proximity to the said counter; or an equivalent facilitation.

(vi)    The register is at an inaccessible height, in violation of 28 C.F.R. Part 36.

(vii)   The tables, with rolling arm chairs, located in the front dining area, are inaccessible, in violation of 28 C.F.R. Part 36, Section 4.32.4.

(viii)  The booths, with fixed benches, located in the rear dining area, are inaccessible, in violation of 28 C.F.R. Part 36, Section 4.32.4.

(ix)    Failure to provide the required informational signage on the restroom entrance door as required by 28 C.F.R. Part 36, Section 4.3.

(x)     Failure to provide accessible door hardware that can be opened with a closed fist and does not require tight grasping, tight pinching, or twisting of the wrist to operate in violation of 28 C.F.R. Part 36, Section 4.13.9.

(xi)    Failure to provide a toilet at an accessible height as required by 28 C.F.R. Part 36.

(xii)   Failure to completely and properly insulate exposed hot water and abrasive drain pipes under lavatories to prevent burns and scrapes as required by 28 C.F.R. Part 36, Section 4.19.4.

(xiii)  Failure to install the required rear grab bar around accessible toilet in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(xiv)   Failure to install the required side grab bar around accessible toilet in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(xv)    Failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

(xvi)   Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

(xvii)  Failure to provide an adequate number of accessible handicap spaces at the Subject Facility that comply with the requirements of 28 C.F.R. Part 36, Section 4.6.3, and are located on the shortest route of travel from adjacent parking to the Subject Facility as required by 28 C.F.R. Part 36, Section 4.6.2.

(xviii)  Failure to provide one in every eight accessible spaces, but not less than one, with an accessible 96 inch wide minimum, with the designation of "van accessible" as required by 28 C.F.R. Part 36, Section 4.6.4. and Section 4.1.2(5)(b).

The Defendant shall comply with the terms of this Final Judgment within sixty (60) days of entry of this judgment.  The Court shall retain jurisdiction relating to the Plaintiff's attorney's fees and costs and said motion shall be filed within thirty (30) days of entry of this Final Judgment.

DONE AND ADJUDGED in Chambers at Tampa, Florida, this 31st day of January, 2012.

HONORABLE JAMES D. WHITTEMORE
UNITED STATES DISTRICT COURT

Copies provided to:

Counsel of record